# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY BERTAM,<br><br>        Plaintiff,<br><br>   v.<br><br>S. PIKE, et al.,<br><br>        Defendants. | Case No. 1:12-cv-00807-LJO-DLB PC<br><br>**ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM WITH LEAVE TO AMEND**<br><br>ECF No. 1<br><br>RESPONSE DUE WITHIN THIRTY DAYS |

### I.     **Background**

Plaintiff Timothy Bertram ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. On May 17, 2012, Plaintiff filed his complaint. ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." *Id.* § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II.     Summary of Complaint

Plaintiff was incarcerated at California Correctional Institution ("CCI") in Tehachapi, California, where the events giving rise to this action occurred. Plaintiff names as Defendants correctional officers S. Pike, J. Butler, and D. Espinoza, and correctional sergeant R. Timonen.

Plaintiff alleges the following. Plaintiff was bullied and teased by other inmates near his bed because he is blind in his right eye, which causes it to wander. Plaintiff had been moved into the dorms of Unit II facility at CCI. The environment was hostile because of the close proximity of the beds. The dorms were designed to house 100 inmates, but there were 186 inmates in the dorm at the time.

On June 15, 2009, Plaintiff approached Defendant Butler at the Dorm 1 office to ask for a bed move, stating that he had problems with his neighbors, namely inmates Sigala, Garcia, and Brown. Plaintiff complained that the inmates were being rude and disrespectful to Plaintiff while he tried to sleep. The inmates would slam their lock and locker door, which is only 6 inches from Plaintiff's head while he slept. Defendant Butler told Plaintiff to ask Defendant Pike. That same day, Plaintiff approached Defendant Espinoza at the Dorm 6 office and asked if he could move to Dorm 6. Defendant Espinoza told Plaintiff it was okay for him to move, and to ask Defendant Pike in Dorm 1 to do it. On June 18, 2009, Plaintiff approached Defendant Pike and told him of his problems with his neighbors. Defendant Pike told Plaintiff that inmate Brown had approached Pike the previous week to say that Brown was afraid that Plaintiff would attack Brown. Defendant Pike stated that he would move Plaintiff.

On June 25, 2009, Plaintiff had not been moved. Plaintiff again approached Defendant Pike,

explaining that the slamming noise while Plaintiff slept was affecting Plaintiff's mental stability. Defendant Pike responded that Rome was not built in a day, and walked away. Plaintiff that same day explained to his neighbors that he had requested a move. Inmate Sigala stated that if Plaintiff did not like it, he should deal with it, and called Plaintiff a rat.

On June 27, 2009, Plaintiff again told Defendant Pike that he could not take it much more. Defendant Pike stated that he was looking into the matter, and then asked Plaintiff to leave the office. That same day, Plaintiff approached Defendant Timonen to explain his problems with his neighbors and asking for a move. Defendant Timonen wrote down Plaintiff's inmate number and stated that he would look into the matter. On June 29, 2009, Plaintiff approached Defendant Espinoza asking if he could make the move. Defendant Espinoza also told Plaintiff that he would see what he could do. On July 3, 2009, inmate Garcia told Defendant Pike about Plaintiff's problems with his neighbors.

On July 4, 2009, at 8:30 p.m., while Plaintiff was trying to sleep, inmate Sigala slammed the locker door and stated that he did not care if Plaintiff was trying to sleep, that Plaintiff needed to get up. Plaintiff got out of bed and walked over to inmate Sigala. Inmate Sigala took a step back and raised his hands with clenched fists. Plaintiff believed that he was about to be assaulted by Sigala, so he defended himself and walked away. Plaintiff walked towards the Dorm 1 office and was then ordered to get on the ground. Plaintiff was handcuffed, taken to administrative segregation, and charged with battery on an inmate with grievous bodily injury.

Plaintiff contends a violation of the Eighth Amendment for deliberate indifference to his personal safety and mental stability. Plaintiff requests as relief $100,000 in compensatory damages and $300,000 in punitive damages.

**III.   Analysis**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)

(citations and quotations omitted). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." *Id.* at 837. Mere negligence on the part of the official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. *Id.* at 835.

Plaintiff fails to state a claim against any Defendants. Plaintiff has not sufficiently alleged facts which demonstrate that he faced an excessive risk of a sufficiently serious harm. Plaintiff alleges that he had problems with his neighbors making fun of him and making too much noise, preventing him from sleeping. This does not rise to the level of an extreme deprivation that denies Plaintiff the minimal civilized measure of life's necessities. *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996) (stating that verbal harassment generally does not violate the Eighth Amendment), *amended by* 135 F.3d 1318 (9th Cir. 1998).

Even if Plaintiff had sufficiently alleged a serious harm, Plaintiff has not alleged facts which indicate that Defendants knew of and disregarded an excessive risk of serious harm to Plaintiff's health. Based on the allegations, Plaintiff complained to Defendants that he needed a move, but did not notify Defendants of the extent of any serious harm that Plaintiff allegedly suffered or would suffer.

### IV.    Conclusion and Order

Plaintiff fails to state any cognizable federal claims against any Defendants. The Court will provide Plaintiff with an opportunity to file a first amended complaint curing the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *See Iqbal*, 556 U.S. at 678. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."

*Twombly*, 550 U.S. at 555.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds*, *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. Aug. 29, 2012) (en banc); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," L. R. 220.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's first amended complaint is dismissed for failure to state a claim, with leave to file a first amended complaint within **thirty (30) days** from the date of service of this order;

3. Plaintiff may not add any new, unrelated claims to this action via the first amended complaint and any attempt to do so may result in an order striking the first amended complaint; and

4. If Plaintiff fails to comply with this order, the Court will dismiss this action for failure to obey a court order and failure to state a claim.

IT IS SO ORDERED.

Dated: **January 17, 2013**            /s/ *Dennis L. Beck*
                                                                    UNITED STATES MAGISTRATE JUDGE