# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY BERTRAM, | Case No. 1:12-cv-00807-LJO-DLB PC |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO SHOW CAUSE AND FAILURE TO STATE A CLAIM** |
| v. | |
| S. PIKE, et al., | |
| Defendants. | ECF Nos. 9, 12, 13 |
| | OBJECTIONS, IF ANY, DUE WITHIN 14 DAYS |

Plaintiff Timothy Bertram ("Plaintiff") is a California state prisoner proceeding pro se in this civil action pursuant to 42 U.S.C. § 1983. On January 18, 2013, the Court screened Plaintiff's Complaint and dismissed it for failure to state a claim, with leave to amend within thirty days. ECF No. 9. Plaintiff did not timely respond. On March 6, 2013, the Court ordered Plaintiff to show cause why this action should not be dismissed for failure to obey a court order and failure to state a claim. ECF No. 10. On March 18, 2013, Plaintiff provided a response, requesting an extension of time. On April 8, 2013, the Court granted Plaintiff an extension of time up to and including May 6, 2013 by which to file a First Amended Complaint. ECF No. 12. On April 12, 2013, Plaintiff filed a motion stating that he would not amend his complaint. Plaintiff contends that he wrote down exactly what happened in his complaint, and that if it did not rise to the standard necessary to state a claim, he requests that the Court dismiss his complaint. ECF No. 13.[1] As of the date of this Findings and Recommendation, Plaintiff has not filed an amended complaint.

---

[1] Plaintiff also requests that his complaint be entered as an exhibit in *Bertram v. Sizelove, et al.*, no. 1:10-cv-00583-AWI-DLB PC (E.D. Cal.). Plaintiff's request is denied. It appears that Plaintiff contends that the alleged actions in this action are relevant to the adjudication of *Sizelove*. However, as stated previously in a prior order, the Court does not find that these two actions are so related. ECF No. 12.

1

Local Rule 110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See*, *e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833

F.2d at 132-33; *Henderson*, 779 F.2d at 1424.  The Court's order expressly stated: "Failure to timely file a First Amended Complaint will result in a recommendation of dismissal of this action for failure to obey a court order and failure to state a claim."  Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order.

Accordingly, it is HEREBY RECOMMENDED that

1. This action is DISMISSED for failure to obey the Court's April 8, 2013 Order and for failure to state a claim upon which relief may be granted; and

2. The Clerk of the Court is directed to close this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 17, 2013**                                  /s/ *Dennis L. Beck*
                                                          UNITED STATES MAGISTRATE JUDGE

3